UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
───────────────────────────────────────────────

MICHELLE CHIN,

                                            Plaintiff,

                                                                       6:18-CV-01340

v.

                                                                       (TJM/TWD)

ALEJANDRO TORRES, et al.,

                                            Defendants.
───────────────────────────────────────────────

APPEARANCES:

MICHELLE CHIN
Plaintiff *pro se*
46 River Street
Apartment 1
Otego, New York 13825

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

The Clerk has sent to the Court for review the *pro se* complaint in this employment discrimination action brought by Plaintiff Michelle Chin pursuant to Title VII of the Civil Rights Act of 1962, as amended, 42 U.S.C. §2000e, *et seq,* alleging discrimination on account of her sex, hostile work environment, and constructive termination. (Dkt. No. 1.) Also before the Court is Plaintiff's application for leave to proceed *in forma pauperis* ("IFP application"). (Dkt. No. 2.)

**I.    IFP APPLICATION**

A court may grant *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1). After reviewing Plaintiff's IFP application,

the Court finds that Plaintiff meets this standard. Therefore, Plaintiff's IFP application (Dkt. No. 2) is granted.

## II. LEGAL STANDARDS FOR INITIAL REVIEW

Even when a plaintiff meets the financial criteria for *in forma pauperis*, 28 U.S.C. § 1915(e) directs that when a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "An action is frivolous when either: (1) the factual contentions are clearly baseless such as when the claims are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations and internal quotation marks omitted). Although extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *See, e.g., Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation." *Id*. In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Where a plaintiff proceeds *pro se*, the pleadings must be read liberally and construed to raise the strongest arguments they suggest. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citation omitted). A *pro se* complaint should not be dismissed "without giving leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted). An opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

### III. PLAINTIFF'S COMPLAINT

Plaintiff alleges that she was employed in the Housekeeping Department at Hampton Inn in Oneonta, New York from the Winter of 2010 until her employment was constructively

terminated in September of 2017 as a result of a long term pattern of sexual harassment by a male employee with whom she worked which, along with the failure of management to properly address the harassment, resulted in a hostile work environment, thereby forcing her to resign.[1] (Dkt. No. 1 at 7-22.[2]) Plaintiff has commenced this Title VII action against Defendants Alejandro Torres ("Torres"), the Hampton Inn employee by whom Plaintiff was allegedly sexually harassed; Darlene Wells ("Well"), Executive Housekeeper at the Hampton Inn; Hope Kabir ("Kabir"), General Manager of the Oneonta Hampton Inn; Edwin Colburn ("Colburn"), Maintenance Manager at the Hampton Inn; and Brendalyn Keefer ("Keefer"), President of SD Management, a company involved in overseeing the management of the Hampton Inn. *Id*. Plaintiff has not identified her employer, other than to indicate she worked at the Hampton Inn that was managed by SD Management, and she has not included a copy of the right to sue letter, which would likely disclose the identity of her employer, with her complaint.

## IV.  ANALYSIS

Title VII provides that "[i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To state a claim under Title VII, a plaintiff must plead a discrimination claim "that is facially plausible and . . . give[s] fair notice to the defendant of the basis for the claim."

---

[1] Plaintiff alleges she received a right to sue letter from the Equal Employment Opportunity Commission on August 16, 2018. (Dkt. No. 1 at 5.)

[2] Page references to documents identified by docket number are to the numbers assigned by the CM/ECF docketing system maintained by the Clerk's Office.

*Barbosa v. Continuum Health Partners, Inc*., 716 F. Supp. 2d 210, 215 (S.D.N.Y. 2010) (citation omitted); *see also Iqbal*, 556 U.S. at 678.

Plaintiff has sued the individual by whom she claims to have been sexually harassed, two individuals holding management positions at the Oneonta Hampton Inn, and the owner of the management company alleged to have been overseeing the management of the Inn. (Dkt. No. 1.) The Second Circuit has held that "individuals are not subject to liability under Title VII." *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000), *abrogated on other grounds by Burlington v. Ellerth*, 524 U.S. 742 (1998); *see also Patterson v. Cnty. of Oneida*, *N.Y.*, 375 F.3d 206, 221 (2d Cir. 2004) (citing *Tomka v. Seiler Corp*., 66 F.3d 1295, 1313 (2d Cir. 1995) ("individuals with supervisory control over a plaintiff may not be held personally liable under Title VII")); *Bakal v. Ambassador Const*., No. 94 CIV. 584 (JSM), 1995 WL 447784, at *3 (S.D.N.Y. July 28, 1995)[3] (finding Title VII remedies apply only to the employer and not the individuals who engaged in prohibited conduct); *Harrison v. Lesort*, No. 09 Civ. 10188 (SHS), 2011 WL 744670, at *2 (S.D.N.Y. Mar. 1, 2011) (a defendant's alleged ownership interest in employer does not change the fact that because defendant is an individual he cannot be held liable under Title VII). Therefore, the Court finds that none of the presently named Defendants are proper defendants in this Title VII action.

In light of the foregoing, the Court recommends that Plaintiff be granted thirty days from the date the District Court files its Order on this Court's Report-Recommendation within which to file an amended complaint naming her employer at the Hampton Inn as the defendant in this

---

[3] The Court will provide Plaintiff with a copy of the unpublished decision in accordance with the Second Circuit decision in *LeBron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

action. The Court further recommends that upon the expiration of the thirty days granted Plaintiff to file an amended complaint, enlarged by any extension granted to Plaintiff by the Court, the action be dismissed with prejudice as against Defendants Torres, Wells, Kabir, Colburn, and Keefer regardless of whether or not Plaintiff has filed an amended complaint.

**ACCORDINGLY**, it is hereby

**ORDERED**, that Plaintiff's second IFP application (Dkt. No. 2) is **GRANTED**; and it is

**RECOMMENDED**, that Plaintiff be granted leave to file an amended complaint naming her employer at the Hampton Inn as defendant within thirty days from the filing of an order by the District Court on this Court's Report-Recommendation; and it is further

**RECOMMENDED**, that at the expiration of the thirty days granted Plaintiff to file an amended complaint, enlarged by any extension granted to Plaintiff by the Court, the action be dismissed with prejudice against Torres, Wells, Kabir, Colburn, and Keefer regardless of whether or not Plaintiff has filed an amended complaint; and it is hereby

**ORDERED**, that in the event Plaintiff files an amended complaint, the Clerk submit the amended complaint to this Court for initial review pursuant to 28 U.S.C. § 1915(e); and it is further

**ORDERED**, that the Clerk provide Plaintiff with a copy of this Order and Report-Recommendation, along with copies of all unpublished decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[4] Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: December 6, 2018
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

---

[4] If you are proceeding pro se and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. 6(a)(1)(C).

KeyCite Yellow Flag - Negative Treatment
Distinguished by AIG Managed Market Neutral Fund v. Askin Capital Management, L.P., S.D.N.Y., October 5, 2000

1995 WL 447784
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.

Minnie BAKAL, Plaintiff,
v.
AMBASSADOR CONSTRUCTION, Mark Greenberg, Marcia Magid and "Rodney Doe", Defendants.

94 CIV. 584 (JSM).
|
July 28, 1995.

**Attorneys and Law Firms**

Louis Ginsberg, The Ginsberg Law Firm, New York City, for plaintiff.

Morton J. Turchin, Turchin & Hoffman, P.C., New York City, for defendants.

OPINION AND ORDER

MARTIN, District Judge:

 *1 Plaintiff seeks to recover damages under Title VII, New York's Human Rights Law and state tort law from her former employer and three of its employees. The three individual defendants have moved under Federal Rules of Civil Procedure 4, 12 and 56 for dismissal of the claims brought against them by plaintiff. For the reasons given below, the action is dismissed without prejudice as to these three defendants.

BACKGROUND

From 1991 until June 1993, plaintiff was employed by Ambassador Construction as a secretary. *See* Am Compl. ¶ 6; Pl.'s Rule 3(g) Statement ¶ 14. Plaintiff alleges that she dated defendant Greenberg, a construction superintendent at Ambassador, for four months beginning approximately in June 1992. Am. Compl. ¶ 10. After this relationship ended, Greenberg and defendant Magid, Ambassador's office manager and plaintiff's supervisor there, allegedly "became hostile" to her, "falsely criticized plaintiff's job performance," and "demeaned [[[plaintiff] on a daily basis." *Id.* ¶¶ 10, 14. Plaintiff consequently began to receive negative job evaluations. *Id.* Moreover, defendant Boone, a messenger and clerk at Ambassador whose immediate supervisor was Magid, allegedly subjected plaintiff to an incessant stream of verbal and physical abuse; plaintiff claims that Boone acted on instructions from Magid and Greenberg. *Id.* ¶¶ 15-17. Plaintiff also alleges that all three defendants began to spread false rumors about her "affairs and relationships outside Ambassador." *Id.* ¶¶ 18, 44-53. Plaintiff claims that she repeatedly complained of these actions to Ambassador's president and other company supervisors, apparently to no avail. *Id.* ¶¶ 21, 26-28.

On February 25, 1993, plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC), alleging sexual harassment in violation of Title VII. Turchin Aff. Ex. A. Ambassador was the only defendant named by the charge, the body of which referred to the company's "office manager." After an investigation of the charge, the EEOC issued a "right-to-sue" letter to plaintiff dated October 27, 1993. *Id.* Ex. C.

On January 31, 1994, plaintiff filed a complaint with this court naming Ambassador, Greenberg, Magid, and "Rodney Doe" as defendants. The complaint contained claims brought under Title VII, 42 U.S.C. § 1981, § 40-c of New York's Civil Rights Law, and § 296 of New York's Executive Law, as well as common-law claims for battery, intentional infliction of emotional distress, slander, libel, and breach of plaintiff's right to privacy. The complaint was served on Ambassador in February 1994. *See* Magid Aff. ¶ 3; Greenberg Aff. ¶ 3; Boone Aff. ¶ 3. However, no effort was made to serve the original complaint on the three individual defendants. Defs.' Rule 3(g) Statement ¶ 11; Pl.'s Rule 3(g) Statement ¶ 11.

On March 1, 1995, plaintiff filed an amended complaint which contained no reference to § 1981 and to § 40-c of New York's Civil Rights Law, but added a claim under § 8-101 of the Administrative Code of the City of New York. The body of the amended complaint also referred to defendant Boone by name. It otherwise contained no significant changes. Plaintiff served summons and the amended complaint on defendants Magid and Greenberg on March 6, and on defendant Boone on March 8. Magid Aff. ¶ 3; Greenberg Aff. ¶ 3; Boone Aff. ¶ 3.

DISCUSSION

**\*2** Federal Rule of Civil Procedure 4(m) provides that, if a defendant has not been served with the complaint within 120 days after it has been filed, the court can either dismiss the action without prejudice as to that defendant, or extend the time for service. While the Rule further provides that an extension must be granted where the plaintiff shows "good cause" for failure to timely serve a defendant, dismissal is the appropriate result where neither "good cause," nor even rudimentary efforts to comply with the 120-day deadline, are shown. *National Union Fire Insurance Co. v. Sun,* 1994 WL 463009, at \*2-\*4 (S.D.N.Y. Aug. 25, 1994); *Knorr v. Coughlin,* 159 F.R.D. 5 (N.D.N.Y. 1994). While there is no set formula for what constitutes "good cause" under the Rule, *La Bounty v. Lee,* 1994 WL 378479, at \*1 (N.D.N.Y. July 15, 1994), the courts agree that mere inadvertence or attorney neglect do not suffice. *See Alexander v. Forest City Pierpont Associates,* 1995 WL 406135 (E.D.N.Y. June 26, 1995); *Alvarez v. Edgecomb Facility,* 1993 WL 127190, at \*2 (S.D.N.Y. 1993) (*citing Zankel v. United States,* 921 F.2d 432, 436 (2d Cir. 1990)).

In the present case, the individual defendants never were served with the original complaint filed by plaintiff. When a defendant has not been served with the original complaint, service of an amended complaint within 120 days of filing suit has been held to satisfy Rule 4(m), *Crossen v. Bernstein,* 1994 WL 281881, at \*8 (S.D.N.Y. June 23, 1994); *White v. Steak & Ale of Little Rock, Inc.,* 839 F. Supp. 23, 25 (E.D. Ark. 1993); however, plaintiff served her amended complaint on the individual defendants well beyond this 120-day period. Nor can plaintiff's failure to timely serve these three defendants be attributed to "good cause" or excusable neglect. Plaintiff has not claimed that circumstances existed which would have made timely service on Boone, Greenberg and Magid difficult or impossible, and exactly the opposite appears to have been the case: from the date on which plaintiff filed her complaint until now, each of the individual defendants has resided within the New York metropolitan area and worked at Ambassador, the location of whose facilities obviously was familiar to plaintiff. *See* Magid Aff. ¶ 4; Greenberg Aff. ¶ 4; Boone Aff. ¶ 4. Moreover, plaintiff was represented by counsel from the beginning of this lawsuit; and although plaintiff points out that her original attorneys practiced primarily in state court, special expertise in federal practice hardly is necessary to grasp the significance of Rule 4. The cases which Ms. Bakal cites, *FDIC v. Denson,* 139 F.R.D. 346 (S.D. Miss. 1990) and *Barner v. Ford Motor Co.,* 132 F.R.D. 495 (N.D. Ill. 1990), in which the plaintiffs made a diligent effort to complete service promptly, are readily distinguishable from her own case: plaintiff concedes that "no effort was made" to serve the individual defendants with the original complaint, *see* Defs.' Rule 3(g) Statement ¶ 11; Pl.'s Rule 3(g) Statement ¶ 11; and she took little enough interest in her lawsuit that her lawyers were unable to reach her for a period of five weeks when, in May of 1994, they attempted to determine whether she wished to continue with the suit, Turchin Reply Aff. Ex. E. Thus dismissal of the amended complaint as against the individual defendants is appropriate. *See National Union Fire Insurance Co. v. Sun,* 1994 WL 463009, at \*3-\*4 (S.D.N.Y. Aug. 25, 1994).

**\*3** The court recognizes that dismissal of the amended complaint as against the individual defendants will result in plaintiff's Title VII claim against them being barred by the 90-day statute of limitations contained in 42 U.S.C. § 2000e-5(f)(1): dismissal of a Title VII complaint does not toll the 90-day filing period, *Minette v. Time Warner,* 997 F.2d 1023, 1027 (2d Cir. 1993); nor would an amended complaint naming additional defendants on a Title VII claim "relate back" to the date of filing of the original complaint, unless the new defendants were not named in the original complaint due to a mistake as to their identity, *see Cornwell v. Robinson,* 23 F.3d 694, 706 (2d Cir. 1994) -- which is not the case here. The court also is mindful of the Advisory Committee's comment in 1993 that "relief [under Rule 4(m)] may be justified...if the applicable statute of limitations would bar the refiled action." But where, as here, plaintiff can provide no reasonable excuse for the failure to make timely service, the fact that a reinstitution of the action will be barred by the statute of limitations is not by itself a reason to deny the motion to dismiss. *See National Union Fire Insurance Co. v. Sun,* 1994 WL 463009, at \*4 & n.4 (S.D.N.Y. Aug. 25, 1994); *see also Petrucelli v. Bohringer & Ratzinger,* 46 F.3d 1298, 1306 & n.7 (3rd Cir. 1995)("We emphasize that the running of the statute of limitations does not require the district court to extend time for service of process.").

In any event, dismissal of the complaint in the present case will not result in any prejudice to the plaintiff. She still can recover the damages she seeks under Title VII from

Ambassador and, as set forth below, she can still obtain recovery against the individual defendants for the same conduct on the basis of her state-law causes of action.

Moreover, it is doubtful that plaintiff would have a valid cause of action against the individual defendants under Title VII. While the Second Circuit has not yet ruled on the issue, the federal courts are divided on the question of whether Title VII provides a remedy against the individual employees responsible for the prohibited conduct in addition to that provided against the employer. *Compare, e.g., Grant v. Lone Star Co.,* 21 F.3d 649 (5th Cir.), *cert. denied,* ––– U.S. ––––, 115 S. Ct. 574 (1994); *Miller v. Maxwell's Int'l, Inc.,* 991 F.2d 583 (9th Cir. 1993), *cert. denied,* ––– U.S. ––––, 114 S. Ct. 1049 (1994); *Busby v. City of Orlando,* 931 F.2d 764 (11th Cir. 1991) *and Coraggio v. Time Inc. Magazine Co.,* 1995 WL 242047 (S.D.N.Y. April 26, 1995)(no individual liability) *with Dirschel v. Speck,* 1994 WL 330262 (S.D.N.Y. 1994) *and Bridges v. Eastman Kodak Co.,* 800 F. Supp. 1172 (S.D.N.Y. 1992)(supervisory employee can be held individually liable); *see also EEOC v. AIC Security Investigations,* 1995 U.S. App. LEXIS 12139 (7th Cir. May 22, 1995)(no individual liability under ADA); *Birkbeck v. Marvel Lighting Corp.,* 30 F.3d 507 (4th Cir.)(same under ADEA), *cert. denied,* ––– U.S. ––––, 115 S. Ct. 666 (1994). The reasoning supporting each of the conflicting positions is fully set forth in *Coraggio,* 1995 WL 242047, at *7-*9, and need not be repeated here. It is sufficient to note that the court finds more persuasive the reasoning of those cases which conclude that Title VII's remedies apply only to the actual employer and not the individual employees who engaged in the prohibited conduct.

 *\*4* While recognizing that damages are not available against individual employees, some courts have allowed Title VII actions to be maintained against individuals in their official capacity. This "official capacity" theory, which was first articulated in cases involving government officials, *see Busby v. City of Orlando,* 931 F.2d 764, 772 (11th Cir. 1991); *Harvey v. Blake,* 913 F.2d 226, 227-28 (5th Cir. 1990); *Padway v. Palches,* 665 F.2d 965, 968 (9th Cir. 1982), has since been applied to employees of private organizations, *see, e.g., Coraggio,* 1995 WL 242047, at *8; *Romand v. Zimmerman,* 881 F. Supp. 806, 813 (N.D.N.Y. 1995)(ADA case); *Garcia v. Elf Altochem North America,* 28 F.3d 446, 451 n.2 (5th Cir. 1994); *Miller v. Maxwell's Int'l, Inc.,* 991 F.2d 583, 585-86 (9th Cir. 1993).

In my view, there is no rational basis for recognizing a right to sue an employee of a private entity in his or her "official capacity."

Suits against government officials in their "official capacity" have traditionally been permitted to avoid Eleventh Amendment and sovereign immunity problems that might arise if a plaintiff were to sue a government entity directly. *See generally Ex parte Young,* 209 U.S. 123, 28 S. Ct. 441 (1908); *Osborn v. Bank of the United States,* 22 U.S. (9 Wheat) 738 (1824). In such cases, it has been deemed appropriate to allow an official capacity suit against the government official who is responsible for the challenged activity. Such actions are not intended to provide any relief against or other personal consequences to that particular individual. Moreover, when the individual leaves office, the individual is dropped from the litigation and the successor is be substituted as the party defendant. *See, e.g.,* Fed. R. Civ. P. 25(d).

There is no need for such "official capacity" litigation in the case of private entities that are themselves subject to suit. It would serve no useful purpose to have, as parties to the litigation, individuals who would drop out of the case the moment they left the employ of the employer defendant. It has been suggested that it is appropriate to have individuals sued in their "official capacity" where they are individually responsible for the prohibited acts in order to hold them publicly accountable for their actions. *Coraggio v. Time Inc. Magazine Co.* 1995 WL 242047, at *8 (S.D.N.Y. April 26, 1995). The function of the courts, however, is to provide a remedy against those that Congress has determined should be held liable for the plaintiff's damages, not to affix moral blame. If Congress has made a determination that individual employees should not be personally liable for acts of discrimination, it is not for the courts to second guess that judgment and provide some type of moral sanction against those who engaged in prohibited conduct. If an individual is to be required to bear the tremendous financial and emotional expense that civil litigation often involves, it should be because the end of that litigation may result in an award of damages against that person. An individual should not be require to bear such costs simply to protect his or her reputation in an action that the employer may or may not choose to settle.

**\*5** The individual defendants also argue that plaintiff's claims for battery, intentional infliction of emotional distress, and libel and slander are time-barred. Thus, although Fed. R. Civ. P. 4(m) speaks of dismissal without prejudice, the court will consider whether dismissal of these claims with prejudice is appropriate. The defendants correctly note that the statute of limitations on these claims is one year. C.P.L.R. § 215; *see Rosado v. City of New York,* 713 F. Supp. 124 (S.D.N.Y. 1989). However, under C.P.L.R. § 203(b), the limitations period provided in § 215 is interposed not only by service on the defendant, but also by service on a co-defendant who is "united in interest" with that defendant. Where a timely-served employer may be vicariously liable for the conduct of a late-served employee, the "unity of interest" question turns on whether the employee acted within the scope of his employment: if he did, then service on the employer tolls the statute; if he did not, there is no tolling. *Collom v. Village of Freeport,* 1987 WL 18170, at \*3 (E.D.N.Y. Oct. 1, 1987), citing *Scheff v. St. John's Episcopal Hosp.,* 496 N.Y.S.2d 58, 60-61 (App. Div. 1985) and *Parker v. Port Authority,* 493 N.Y.S.2d 355 (App. Div. 1985).

In this case, the Magid, Greenberg and Boone concede that plaintiff served her initial complaint on Ambassador, the individual defendants' employer, in February of 1994; even accepting the individual defendants' contention that plaintiffs' third, fourth and fifth causes of action accrued by March 31, 1993, *see* Defs.' Rule 3(g) St. ¶ 13, such service was timely as to Ambassador. Moreover, although neither the original nor the amended complaint is a model of clarity, both pleadings do state that plaintiff seeks monetary relief from "defendants" on each of the claims asserted by plaintiff. The court -- as it must -- reads the complaint in plaintiff's favor, as seeking to hold *all* "defendants," including Ambassador, liable on each of these claims. Since there may prove to be sufficient "unity of interest" between Ambassador and the individual defendants to deprive the latter of their statute of limitations defense to plaintiff's third, fourth and fifth causes of action, dismissal of these claims with prejudice is unwarranted. Should discovery show that the individual defendants acted beyond the scope of their employment when they harmed the plaintiff, and thus were not "united in interest" with Ambassador, the individual defendants may move for summary judgment dismissing plaintiff's third, fourth and fifth claims on statute of limitations grounds. *See Collom,* 1987 WL 18170, at \*3; *Sargent v. City of New York,* 513 N.Y.S.2d 194 (App. Div. 1987).

SO ORDERED.

**All Citations**

Not Reported in F.Supp., 1995 WL 447784

© 2018 Thomson Reuters. No claim to original U.S. Government Works. 4