UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHELLE CHIN,

        **Plaintiff,**

  v.                                      No. 6:18-cv-1340
                                             (TJM/TWD)

MTL LLC, d/b/a Hampton Inn,

        **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

Before the Court is Defendant's motion to dismiss Plaintiff's Amended Complaint. See dkt. # 21. The parties have briefed the issues, and the Court has determined to decide the matter without oral argument.

**I.    Background**

This case involves Plaintiff's employment at a Hampton Inn in Oneonta, New York owned by Defendant MTL LLC. See Amended Complaint ("Amend. Cmplt."), dkt. # 7. Plaintiff alleges that she suffered sexual harassment from a hostile work environment while in Defendant's employ. Id. She also alleges that Defendant retaliated against her for reporting that harassment, and that Defendant constructively discharged her. Id. Plaintiff's Complaint alleges that she received a Right-to-Sue letter from the United States Equal Employment Opportunity Commission ("EEOC") on August 16, 2018.

1

Plaintiff initially filed her *pro se* Complaint on November 15, 2018. See dkt. # 1. She brought that Complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. Id. at ¶ 4. She alleged discrimination on the basis of her sex. Id. at ¶ 6. She also alleged "retaliation, constructive termination, hostile work environment, and sexual harassment. Id. at ¶ 7. As Defendants to that Complaint, Plaintiff named several individuals who worked at the hotel, including a "houseman," the general manager, a maintenance manager, and the president of a management company. Id. at ¶ 3. Plaintiff also admitted that she received her right-to-sue letter from the EEOC on August 16, 2018. Along with her Complaint, Plaintiff filed a motion to proceed *in forma pauperis*. See dkt. # 2.

Magistrate Judge Thérèse Wiley Dancks then gave the Complaint an initial screening pursuant to 28 U.S.C. § 1915(a)(1). See dkt. # 4. Magistrate Judge Dancks granted the Plaintiff's motion to proceed *in forma pauperis* but concluded that the Complaint should be dismissed against the named defendants since they could not be liable under Title VII. Id. at 6. She recommended, however, that Plaintiff be permitted to file an amended complaint that named the Hampton Inn as the defendant. Id. The Court accepted and adopted the Report-Recommendation, and Plaintiff filed an Amended Complaint that named MTL LLC, doing business as Hampton Inn, as Defendant. See dkt. # 7. The Magistrate Judge reviewed the Amended Complaint and determined that the Marshall's should serve the Defendant. See dkt. # 9. After Plaintiff served Defendant with the Amended Complaint, Defendant filed the instant motion to dismiss. The parties have briefed the issues, bringing the case to its present posture.

**II.    LEGAL STANDARD**

Defendant moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Defendant argues that Plaintiff has not stated a claim upon which relief could be granted, even if all factual allegations in the complaint were proved true.  In addressing such motions, the Court must accept "all factual allegations in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor."  Holmes v. Grubman, 568 F.3d 329, 335 (2d Cir. 2009).  This tenet does not apply to legal conclusions.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. at 678.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Id. (quoting Bell Atl. v. Twombly, 550 U.S. 544, 570 (2007)).

### III. ANALYSIS

Defendant raises two grounds for dismissing the Complaint.  The Court will address each, as appropriate.

#### A. Timeliness

Defendant first argues that Plaintiff failed to file her Complaint within ninety days of receiving a right-to-sue letter from the EEOC, and is therefore precluded from bringing suit in this Court.

Title VII requires a party who "claim[s] unfair treatment as a result of prejudice based on race, color, religion, sex, or national origin" to "initiate a Title VII court action within 90 days of the notification by the" EEOC "that it is unable or unwilling to settle the dispute between employee and employer."  Johnson v. Al Tech Specialities Steel Corp., 731 F.2d

3

143, 144 (2d Cir. 1984) (citing 42 U.S.C. § 2000e-5(f)). "While the 90-day rule is not a jurisdictional predicate, 'in the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day.'" Id. at 146 (quoting Rice v. New England College, 676 F.2d 9, 11 (1st Cir. 1982)). "Equitable tolling is generally considered appropriate 'where the plaintiff actively pursued judicial remedies but filed a defective pleading during the specified time period,'; where plaintiff was unaware of his or her cause of action due to misleading conduct of the defendant; or where a plaintiff's medical condition or mental impairment prevented her from proceeding in a timely fashion." Zerilli-Edelglass v. New York City Transit Auth., 333 F.3d 73, 80 (2d Cir. 2003) (quoting Brown v. Parkchester S. Condos, 287 F.3d 58, 60 (2d Cir. 2002) (other internal citations omitted)). A court evaluating whether equitable tolling applies "must consider whether the person seeking application of the equitable tolling doctrine (1) has 'acted with reasonable diligence during the time period she seeks to have tolled,' and (2) has proved that the circumstances are so extraordinary that the doctrine should apply.'" Id. at 80-81 (quoting Chapman v. ChoiceCare Long Island Term Disability Plan, 288 F.3d 506, 512 (2d Cir. 2002)). Such "extraordinary circumstances" must "[cause]" the plaintiff "to miss the original filing deadline." Harper v. Ecole, 648 F.3d 132, 137 (2d Cir. 2011).

    Plaintiff contends that she contacted the District Court Clerk's Office in this court "several time[s]" after receiving the right to sue letter from the EEOC. See dkt. # 24. Speaking with the Clerk, Plaintiff ascertained the date on which the filing was due. She also writes that "[i]t was also my understanding from the clerk that my complaint would be accepted so long as the envelope which it was mailed in was postmarked by the deadline. I followed this directive and made sure it was postmarked." Id. Courts have determined that

the second part of the equitable tolling test–that the circumstances are so extraordinary as to invoke the doctrine–applies "'only where the circumstances that caused the litigant's delay are both extraordinary *and* beyond its control.'" Ziyan Shi v. New York Dep't of State, Div. of Licensing Servs., 393 F.Supp.3d 329, 342 (S.D.N.Y. 2019) (quoting Menominee Indian Tribe of Wisconsin v. United States, 136 S.Ct. 750, 756, 193 L.Ed.2d 652 (2016) (emphasis in original)). "The term 'extraordinary' refers not to the uniqueness of a party's circumstances, but rather to the severity of the obstacle impeding compliance with a limitations period." Harper v. Ercole, 648 F.3d 132, 137 (2d Cir. 2011). Such circumstances are not enough; a party "must further demonstrate that those circumstances caused [her] to miss the original filing deadline." Id.

The Court finds that if Plaintiff can show that the Clerk of Court actually informed her that she need only place her Complaint in the mail by the date required for filing, the Court would likely conclude that equity excuses the fact that her filing came in one day later than the statute requires. The Court is guided in this matter in part by Plaintiff's *pro se* status, which likely caused her to rely on the representations of a court official in determining when she needed to file her Complaint. Under those circumstances, the Court would find that Plaintiff acted with reasonable diligence to file the Complaint in a timely fashion. Depending on the nature of Defendant's contact with the Clerk's Office, the Court could also potentially find extraordinary circumstances. It is certainly unusual that the Clerk's Office would interpret the law for a litigant; if those events occurred the litigant was not unreasonable to accept that interpretation. That alleged advice was beyond her control and caused her to miss the filing deadline. Finally, the Court notes that the delay was not great, and could hardly be prejudicial, since the filing appeared the day after the deadline passed.

The Court will thus deny the motion on this basis. Defendant may raise the issue again at an appropriate time. If Defendant uncovers facts during discovery which indicate that equitable tolling does not apply, Defendant may file a motion for summary judgment on that basis without prejudice to filing a second, later, motion on another basis.

**B.    Relation Back**

Defendant next contends that the Amended Complaint should be dismissed because Defendant was not named in the original Complaint, was not served until after the limitations period had run, and Plaintiff failed to meet the requirements for service of the Amended Complaint to "relate back" to service of the Complaint. Because of that condition, Defendant claims, the statute of limitations has run, and the case should be dismissed.

Defendant relies on Federal Rule of Civil Procedure 15(c). That Rule provides:

(c) Relation Back of Amendments.

> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
>
> > (A) the law that provides the applicable statute of limitations allows relation back;
> >
> > (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
> >
> > (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> >
> > > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> > >
> > > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

6

FED. R. CIV P. 15(c). The Second Circuit Court of Appeals has concluded that a party must meet four conditions to use Rule 15(c)(1)(C):

> (1) the claim must have arisen out of conduct set out in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party should have known that, *but for a mistake of identity*, the original action would have been brought against it; and . . . [4] the second and third criteria are fulfilled within [the time specified in Rule 4(m)], and . . . the original complaint [was] filed within the limitations period.

Hogan v. Fischer, 738 F.3d 509, 517 (2d Cir. 2013) (quoting Barrow v. Wethersfield Police Dept., 66 F.3d 466, 468-69 (2d Cir. 1995) (emphasis in original)).

Defendant first argues that the Amended Complaint should be dismissed because, as discussed above, the original Complaint was untimely. The Court has already discussed that dispute and rejected Defendant's claim. Defendant points to two additional bases to claim that the Amendment Complaint cannot be seen to relate back to the original Complaint, which the Court will address. Defendant does not dispute that Plaintiff's claim against the Defendant "arose out" of the claims raised in the original Complaint. Defendant could not, since the claims in both Complaints are the same; Plaintiff has substituted the Defendant for parties that the Court informed her she could not sue for conduct that gave rise to her Title VII claims.

Defendant next argues that Plaintiff cannot demonstrate a "mistake of identity." Hampton Inn claims that Plaintiff's failure to include that Defendant in her original Complaint was not because of a mistake, but because of a deliberate decision not to include that party. Plaintiff knew to sue her employer, Defendant claims, because she named that employer in her EEOC charge.

The Court disagrees. This is not a matter, like Hogan, where the plaintiff, a state

7

prisoner, alleged that prison guards had assaulted him. Hogan, 738 F.3d at 513. He named seven prison guards as "John Doe" defendants, and made efforts over the next three years to try to identify those defendants. Id. at 513-514. After concluding that the district court erred in dismissing plaintiff's Eighth Amendment claim, the Court considered the defendants' argument that "a remand for further proceedings with respect to the John Doe defendants is unwarranted because the applicable statute of limitations bars Hogan from amending the complaint to name the John Does." Id. at 517. The Court of Appeals found that Plaintiff's claims under 42 U.S.C. §1983 against the unnamed prison-guards were not time-barred. Id. at 519-520. That court did find, however, that plaintiff could not use Rule 15(c)(1)(C) to relate his claims against the unnamed defendants back to his original complaint. The court found that "[t]his Circuit has interpreted the rule to preclude relation back for amended complaints that add new defendants, where the newly added defendants were not named originally because the plaintiff did not know their identities." Id. at 517. While the rule permitted "relation back" when a plaintiff failed to name a defendant due to a "'mistake,' concerning the identity of the parties . . . [,] the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake.'" Id. at 517-18 (quoting Barrow, 66 F.3d at 470. Here, Plaintiff clearly knew the identity of Hampton Inn, her employer. Her failure to include that Defendant, as Magistrate Judge Dancks found, came because she did not understand which parties to sue in her federal case. That mistake does not preclude her from amending her Complaint to name the proper party, particularly when Hampton Inn, as her employer and as the subject of an EEOC charge, cannot claim to have been taken by surprise by the federal-court claim.

Indeed, the Supreme Court has explained that "relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or timeliness in seeking to amend the pleading." Krupski v. Costa Crociere S.p.A, 560 U.S. 538, 541 (2010). In Kurpski, the plaintiff suffered an injury on a cruise ship and sought to sue the operators of the ship. Id. at 541-42. Through counsel, she sued the company that she believed operated the cruise, Contra Cruise Lines. Id. at 543. Plaintiff had notified that company of her potential claims, but the proper party was another, related entity, Costa Crociere. Id. at 543-544. The statute of limitations ran, and Costa Cruise moved for summary judgment, alleging that only Costa Crociere was a proper defendant. Id. at 544. The district court permitted plaintiff to amend her complaint pursuant to Rule 15(c), and name Costa Crociere. Id. at 545. Costa Corciere then moved to dismiss on statute-of-limitations grounds. Id. Finding that "the word 'mistake' should not be construed to encompass a deliberate decision not to sue a party whose identity the plaintiff knew before the statute of limitations had run," the trial court dismissed the case. Id.

The Supreme Court reversed the Court of Appeals, which had upheld the dismissal. Id. at 547. The Court rejected the Appeals Court's decision to focus on whether plaintiff "made a deliberate choice instead of a mistake in not naming Costa Crociere as a party in her original pleading." Id. at 548. This was, the Court found, "the wrong starting point." Id. "The question under Rule 15(c)(1)(C)(ii) is not whether Krupiski knew or should have known the identity of Costa Crociere as the proper defendant, but whether Costa Crociere knew or should have known that it would have been named as defendant but for an error." Id. The Court discussed the meaning of the word "mistake," noting that "a plaintiff may know generally what party A does while misunderstanding the roles that party A and party B

9

played in the 'conduct, transaction, or occurrence' giving rise to her claim.  If the party sues party B instead of party A under these circumstances, she made a 'mistake concerning the party's identity' notwithstanding her knowledge of the existence of both parties."  Id. at 549.  As such, "[t]he only question under" the rule, "is whether party A knew or should have known that, absent some mistake, the action would have been brought against" party A.  Id.  The Court found this understanding "consistent with the purpose of relation back: to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on the merits."  Id. at 550.  A defendant should not be permitted the "repose" offered by an expired statute of limitations when that defendant "understood, or . . . should have understood, that he escaped suit during the limitations period only because the plaintiff misunderstood a crucial fact about his identity."  Id.

This case is similar.  Plaintiff explained her decision to name Hampton Inn in her Amended Complaint as follows:

> Once my complaint was filed the case was reviewed, I was instructed by the court that I must amend the complaint.  I had to change defendants, as I was not allowed to sue individuals of the company and must name instead the company where I worked as the defendant.  Thus, the amended complaint was filed.

Plaintiff's Response in Opposition, dkt. # 24, at 1.  Plaintiff's failure to name Defnedant in the initial filing represented a mistake, not a lack of knowledge, and Plaintiff attempted to rectify that mistake in her Amended Complaint.  The question for the Court is thus whether Defendant knew that, except for Plaintiff's error, the original claim would have been brought against MTL, LLC, d/b/a Hampton Inn.  The Court is convinced that the facts of this case indicate that Defendant is not entitled to the "repose" of the statute of limitations.  Defendant

10

understood that it was the subject of a complaint about sex discrimination and sexual harassment in its workplace. Hampton Inn had been the subject of an EEOC complaint, and had not been charged. Plaintiff, armed with her right-to-sue letter but proceeding *pro se*, sued Defendant's employees by mistake. Defendant does not assert that it was unaware of Plaintiff's claims about events that occurred at Hampton Inn, nor does Defendant point to any particular prejudice from the delay in this case. Instead, Defendant seeks to use procedural rules and avoid addressing the case on its merits. Since the preference of the rules is to address the merits of the action, the Court is unpersuaded that Rule 15(c)(1)(C) applies in this matter.

Defendant further claims that the Amended Complaint cannot "relate back" because the Amended Complaint was not served within the period required by Federal Rule of Civil Procedure 4(m). Under that Rule:

> If a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

Defendant's position ignores the procedural history in this case, as well as the rules of this court. Plaintiff filed her Complaint on November 15, 2018. She also filed a motion for leave to proceed *in forma pauperis*. See dkt. # 2. A United States court "may authorize the commencement, prosecution or defense of any suit, action, or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefore," if a party shows proof the party cannot afford filing fees. 28 U.S.C. § 1915(a). That statute also permits a court to dismiss a case filed by such a party "at any time if the court determines

that . . . the action . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(B)(ii). This District has established procedures to address complaints filed pursuant to Section 1915. See Local Rule 5.4. Pursuant to those procedures, a plaintiff files a complaint and an application to proceed *in forma pauperis* and the Clerk of Court "then forward[s] the complaint or petition, application and supporting documentation to the assigned judicial officer for a determination of the *in forma pauperis* application and the sufficiency of the complaint or petition and, if appropriate, to direct service by the Marshal." Id. On December 7, 2018, Magistrate Judge Dancks examined the Complaint pursuant to this procedure and recommended that Plaintiff should be permitted to file an Amended Complaint within thirty days "from the filing of an order by the District Court on this Court's Report-Recommendation[.]" See dkt. # 4 at 6. She also recommended that, if this Court permitted Plaintiff to file an Amended Complaint, that Amended Complaint should be returned to her for another determination of whether to permit service of the Complaint. Id.

On January 2, 2019, Plaintiff wrote the Court to request additional time to file an amended complaint in this matter. See dkt. # 5. On April 8, 2019, the Court adopted Magistrate Judge Dancks' Report-Recommendation. See dkt. # 6. The Court also granted Plaintiff's request for additional time to file an Amended Complaint. Id. The Court ordered that any Amended Complaint that named Defendant Hampton Inn be filed within 60 days of the date of the Court's of the Court's order. Id.

Plaintiff filed her Amended Complaint for review by Magistrate Judge Dancks on June 10, 2019. See dkt. # 7. Magistrate Judge Dancks noted that the Amended Complaint was not filed within the extended deadline ordered by the Court, but concluded that "[i]n view of Plaintiff's pro se status, the Court will not strike the amended complaint and will

12

review it for sufficiency purusant to 28 USC Section 1915." See dkt. # 9. After completing that review, Magistrate Judge Dancks ordered service of the Amended Complaint on Defendant MTL LLC on July 8, 2019. See dkt. # 10. After service of the Complaint and an extension of time to respond, Defendant filed the instant motion on October 9, 2019. See dkt. # 21.

Defendant's position is that Plaintiff failed to file her Amended Complaint within the time specified by Rule 4(m), which Defendant contends is 120 days from the date Plaintiff filed the Complaint. Defendant apparently uses 120 days because Hogan, 738 F.3d at 517, uses that number. Defendant is incorrect that Rule 4(m) has a rigid time deadline that must be met without exception. As explained, Rule 4(m) does not set an immovable deadline for service of the Complaint. The Court can extend the time to serve a complaint "for good cause." FED. R. CIV. P. 4(m). An amendment to Rule 4(m) in 2015 reduced the number of days for service of a complaint from 120 to 90; the drafters of that Rule noted that "[s]hortening the presumptive time for service will increase the frequency of occasions to extend the time. More time may be needed, for example, when a request to waive service fails, a defendant is difficult to serve, or a marshal is to make service in an in forma pauperis case." See Notes to FED. RULE CIV. P. 4, 2015 Amendments. Clearly, then, the date on which service must be made under Rule 4(m) is the date the Court sets. The Court here, through both the operation of its own rules concerning complaints filed with a motion for leave to proceed *in forma pauperis* and through the rulings of Judge Dancks, extended the time for service under Rule 4(m). The purpose of Judge Dancks ruling was to permit Plaintiff to name and serve the proper party. Defendant cannot rely on this misunderstanding of the rules of service to avoid answering the Amended Complaint. The

Court will deny the motion in this respect as well.

## V. CONCLUSION

For the reasons stated above, the Defendant's motion to dismiss, dkt. # 21, is hereby DENIED.

**IT IS SO ORDERED.**

Dated: July 14, 2020

_____
Thomas J. McAvoy
Senior, U.S. District Judge